UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADOLFO PATRICIO AGAPITO, et al.,
                        Plaintiffs,

-v-

AHDS BAGEL, LLC, et al.,
                        Defendants.

16-CV-8170 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

    This is a suit for violations of the Fair Labor Standards Act and various provisions of the New York Labor Law. Defendants issued third-party subpoenas to four separate banks, seeking Plaintiffs' personal financial records. Plaintiffs moved to quash these subpoenas as untimely. (Dkt. No. 61.) For the reasons that follow, the motion to quash is granted.

    Fact discovery closed on March 30, 2018, and Defendants issued the subpoenas on April 12, 2018. Service of a subpoena after the close of discovery is generally improper: "parties may not issue subpoenas 'as a means to engage in discovery after the discovery deadline has passed.'" *McKay v. Triborough Bridge & Tunnel Auth.*, No. 05 Civ. 8936, 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) (quoting *Dodson v. CBS Broad. Inc.*, No. 02 Civ. 9270, 2005 WL 3177723 (S.D.N.Y. Nov. 29, 2005)). "[W]hen a party is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied." *Revander v. Denman*, No. 00 Civ. 1810, 2004 WL 97693, at *1 (S.D.N.Y. Jan. 21, 2004) (quoting *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)) (alteration and quotation marks omitted). However, "[t]rial subpoenas are appropriate in certain circumstances, such as securing an original document previously disclosed during discovery, or for purposes of memory recollection or trial preparation." *Id.* Where a party "intends to use the

1

documents it has requested in these subpoenas for cross-examination and impeachment only, they are properly classified as trial subpoenas." *Joseph P. Carroll Ltd. v. Baker*, No. 09 Civ. 3174, 2012 WL 1232957, at *2 (S.D.N.Y. Apr. 12, 2012) (quoting *Malmberg v. United States*, No. 506-CV-1042, 2010 WL 1186573, at *3 (N.D.N.Y. Mar. 24, 2010) (quotation marks omitted)).

Here, it is clear from Defendants' opposition letter that the subpoenas in question are not trial subpoenas, but instead effectively seek discovery. Defendants do not contend that the documents in question will be used for trial preparation, memory recollection, cross-examination, or impeachment; to the contrary, Defendants intend to perform "an analysis of the Plaintiffs' bank statements to see if the cash payments were deposited therein, [which] is . . . probative of whether Plaintiffs received the cash that they acknowledged they received." (Dkt. No. 62 at 1.) These documents should have been sought during discovery.

Defendants concede that they were aware of the existence of the documents in question before discovery closed: "Defendants previously demanded these records and Plaintiffs testified at their depositions that they possessed these records, but the records were never produced." (Dkt. No. 62 at 1.) Nonetheless, Defendants do not explain why they failed to file a motion to compel at that time. *See McKay*, 2007 WL 3275918, at *2 ("To the extent that Defendants made any previous requests for documents covered by the subpoena during the discovery period with which Plaintiff did not comply, the appropriate response would have been to make a motion to compel at that time." (internal citation omitted)).

Instead, Defendants issued an untimely subpoena without first making an application to the Court, pursuant to Rule 16(b), to reopen discovery. *See id.* Therefore, the Court construes Defendants' opposition letter as a motion to reopen discovery for the limited purposes of serving

2

the subpoenas on the banks. "Under the federal rules, modifications of discovery schedules are permitted upon a showing of good cause, with 'good cause' being liberally construed. A party seeking discovery meets this standard by demonstrating that it could not reasonably meet its deadline despite diligent efforts." *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 342 (S.D.N.Y. 2005) (internal citation omitted).

Here, Defendants have not adequately demonstrated that good cause exists to reopen discovery and to allow enforcement of their subpoenas. Defendants do not identify any newly discovered information which may have excused their untimeliness. As explained above, to the extent that they unsuccessfully requested production of these documents from Plaintiffs, the appropriate response would have been a motion to compel. Defendants do not offer any explanation of why they failed to timely file a motion to compel, nor do they offer any other reason why they did not seek the subpoenas prior to the close of discovery. The Court therefore concludes that they have not demonstrated good cause to justify the reopening of discovery.[1]

For the foregoing reasons, Plaintiffs' motion to quash is GRANTED. The Clerk of Court is directed to close the motion at Docket Number 61.

SO ORDERED.

Dated: May 17, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] Defendants also argue that Plaintiffs do not have standing to move to quash these subpoenas. However, "the issue of standing is separate and distinct from the timeliness issue, and the fact that the timing of the service of the subpoena violates the scheduling deadlines set by the Court forms an independent basis to grant the request to quash." *Ferrer v. Racette*, No. 14 Civ. 1370, 2017 WL 1750377, at *2 (N.D.N.Y. May 4, 2017) (collecting cases). The motion to quash is granted, regardless of whether Plaintiffs would have standing to challenge the subpoenas if they had been issued in a timely manner.